# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALEA LONDON, and ATRIUM
UNDERWRITERS LIMITED,

    Plaintiffs,

        v.

PA CHILD CARE, LLC, ROBERT
POWELL, and GREGORY ZAPPALA,

    Defendants,

CIVIL ACTION NO. 3:09-CV-2256

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is a Motion for Judgment Pursuant to Rule 12(b)(6) and Motion to Strike (Doc. 13) by Defendants PA Child Care, LLC ("PACC") and Gregory Zappala ("Zappala").[1] For the reasons discussed below, the motion will be granted in part and denied in part. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

## BACKGROUND

**I.    Factual Background**

In the instant case, Plaintiffs Alea London ("Alea") and Atrium Underwriters Limited ("Atrium") have filed a Complaint seeking a declaration that they do not owe the Defendants a duty to defend the underlying civil litigation or a duty to indemnify them for any liability. The allegations in Plaintiffs' Amended Complaint are as follows:

---

[1] While the Defendants' motion is titled a "Motion for Judgment," because they specifically identify Rule 12(b)(6), this Court will treat the instant motion as a motion to dismiss Plaintiff's Complaint for failure to state a claim on which relief can be granted.

Plaintiffs Alea and Atrium are insurance entities who entered into contracts with the Defendants. (Amend. Compl. ¶¶ 1-2, 45-46.) Defendant PACC is a Pennsylvania limited liability company charged with housing and rehabilitating juveniles adjudicated delinquent by the Luzerne County Court of Common Pleas. (Amend. Compl. ¶ 3.) Defendants Zappala and Robert Powell ("Powell") are the co-owners and operators of PACC. (Amend. Compl. ¶¶ 4-5.)

A. The Underlying Case

The instant suit arises from the following cases filed in the Middle District of Pennsylvania: *Wallace v. Powell*, No. 3:09-cv-286 (hereinafter "*Wallace*"), *Conway v. Conahan*, No. 3:09-cv-291, *H.T. v. Ciavarella*, No. 3:09-cv-357, and *Humanik v. Ciavarella*, No. 3:09-cv-630. (Amend. Compl. ¶ 28.) These suits have all been consolidated under civil action number 3:09-cv-0286 by this Court's Case Management Order of May 14, 2009. (*Wallace*, Doc. 82.) This opinion will discuss only the facts necessary for an understanding of the current declaratory judgment action.[2]

There are two complaints in the underlying litigation, the Master Individual Complaint ("MIC") (*Wallace*, Doc. 134) and the Master Class Action Complaint ("MCAC") (*Wallace*, Doc. 136). The MIC alleges that Powell and Zappala, doing business as PACC, were part of a conspiracy in which two Luzerne County judges received kickbacks for maintaining a high rate of occupancy in PACC's juvenile detention facility. (MIC ¶¶ 31, 40, 81.) As part of this conspiracy, the judges would often violate the civil rights the juveniles appearing before them by denying them right to counsel, ensuring disproportionately large sentences, and causing

---

[2] Further factual background of the underlying consolidated case can be found in *Wallace v. Powell*, No. 3:09-cv-286, 2009 WL 4051974, at *1 (M.D. Pa. Nov. 20, 2009).

2

other rights violations. (MCAC ¶¶ 177-78.) The MIC charges the Defendants with Violation of the RICO Act (Count I), Conspiracy to Violate the RICO Act (Count II), Deprivation of Substantive and Procedural Due Process pursuant to 42 U.S.C. § 1983 (Count III), Deprivation of Rights Pursuant to 42 U.S.C. § 1983 (Count IV), Deprivation of Substantive Due Process pursuant to 42 U.S.C. § 1983 (Count V), Civil Conspiracy (Count VIII), and False Imprisonment (Count IX). The claims against the Defendants in the MCAC are Conspiracy to Violate Plaintiffs' Right to an Impartial Tribunal Guaranteed by the Fifth, Sixth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983) (Count II), Conspiracy to Deprive Youth of Their Right to Counsel an/or Knowing, Intelligent, and Voluntary Guilty Plea in violation of the Fifth, Sixth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983 (Count IV), Civil RICO Act violations pursuant to 18 U.S.C. § 1962(c) (Count V), Civil RICO Act violations pursuant to 18 U.S.C. § 1962(b) (Count VI), Civil RICO Act violations pursuant to 18 U.S.C. § 1962(d) (Count VII), and Wrongful Imprisonment (Count IX).

B. The Alea and Atrium Policies

The Defendants were insured by a series of policies, each one year in length, issued by Alea from January 31, 2003 until January 31, 2006. (Amend. Compl. ¶ 49.) The Defendants were then insured under a series of one-year policies by Atrium from January 31, 2006 until January 31, 2010. (Amend. Compl. ¶ 50.) Each of these policies are attached as exhibits to Plaintiffs' Amended Complaint. (Alea Policy 0137/LEA624 (Ex. L); Alea Policy 1165/LEA624 (Ex. M); Alea Policy 1866/LEA624 (Ex. N); Atrium Policy 3525/ATR049 (Ex. O); Atrium Policy 6580/ATR049 (Ex. P); Atrium Policy 9900/ATR049 (Ex. Q); Atrium Policy

12145/ATR049 (Ex. R).)³ Each policy contained two types of coverage: first, Coverage A protecting against bodily injury and property damage liability, and second, Coverage B protecting against personal and advertising injury liability. (Amend. Compl. ¶¶ 53-54.)

After the Defendants were named in each of the four underlying actions, they requested that Alea and Atrium provide legal defense and indemnification. (Amend. Compl. ¶ 45.) Alea and Atrium determined that the alleged conduct was not covered, either because it was beyond the scope of the policies or because the alleged conduct fell within the policies' exceptions. (Amend. Compl. ¶ 47.) Alea and Atrium formally denied coverage to the Defendants. (Amend. Compl. ¶ 48.)

## II.     Procedural Background

Plaintiffs filed their complaint in the United States District Court for the Middle District of Pennsylvania on November 17, 2009 seeking a declaratory judgment as to their duty to defend and indemnify the Defendants in the underlying action. (Doc. 1.) That same day, and before any response by the Defendants, Plaintiffs filed an Amended Complaint. (Doc. 2.) On February 7, 2010, Defendants PACC and Zappala filed the present motion. (Doc. 13.) This motion has been fully briefed by both sides and is now ripe for disposition.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not

---

³ Hereinafter, the Court will refer to each policy by the entity and number. For example, Alea Policy 1866/LEA624 (Doc. 3, Ex. N) will be cited as Alea Policy 1866.

pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can

provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

**I.     Failure to State a Claim**

Defendants PACC and Zappala move to dismiss Plaintiffs' Amended Complaint for failure to state a claim for declaratory judgment. Plaintiffs' Amended Complaint contains two counts. At Count I, Plaintiff Alea alleges that it has no duty to defend the Defendants in the underlying litigation and that it has no duty to indemnify them for any liability. At Count II, Plaintiff Atrium alleges that it has no duty to defend or indemnify the Defendants in the underlying litigation. Because the insurance contracts are attached as exhibits to the Amended Complaint and this Court may take judicial notice of the underlying litigation, I will consider the allegations in the Plaintiffs' Amended Complaint, the allegations in the underlying litigation, and the language of the insurance policies when deciding the present motion.

6

A. General Principles

To determine if the Plaintiffs' state a claim for which relief may be granted, it is necessary to examine the language of each type of coverage and to compare it to the allegations of the underlying complaint. The interpretation of an insurance contract is a question of law for the court to decide. *Reliance Ins. Co. v. Moessner*, 121 F.3d 895, 900 (3d Cir. 1997) (citation omitted). The insured has the initial burden of establishing coverage under the policy. *Butterfield v. Giuntoli*, 670 A.2d 646, 651-52 (Pa. Super. 1995). A court must give effect to the plain language of the insurance contract read in its entirety. *Reliance*, 121 F.3d at 901. On the other hand, when the insurer relies on a policy exclusion as the basis for denying coverage, it bears the burden of proving that the exclusion applies. *Mistick, Inc. v. Northwestern Nat. Cas. Co.*, 806 A.2d 39, 42 (Pa. Super. 2002). Policy exclusions are strictly construed against the insurer. *Selko v. Home Ins. Co.*, 139 F.3d 146, 152 n. 3 (3d Cir. 1998) (citing *Standard Venetian Blind*, 469 A.2d at 566).

In determining whether an insurer has a duty to defend and indemnify, a court must examine only the allegations in the complaint in the underlying litigation; it is error to look elsewhere. *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 896 (Pa. 2006); *see also Coregis Ins. Co. v. Harrisburg*, No. 1:03-CV-920, 2006 WL 860710, at *4 (M.D. Pa. Mar. 30, 2006) ("Under Pennsylvania law, the question of whether an insurance company has a duty to defend is determined by comparing the allegations contained *within the four corners of the underlying complaint* against the terms and conditions of the insurance policy at issue.") (emphasis added); *Tuscora Wayne Mut. Ins. Co. v. Kadlubosky*, 889 A.2d 557, 561 (Pa. Super. Ct. 2005) ("It is the face of the

complaint and not the truth of the facts alleged therein which determines whether there is a duty to defend."). When examining the underlying complaint's allegations, the court must "resolve all doubts as to coverage in favor of the insured." *Westport Ins. Corp. v. Black, Davis & Shue Agency, Inc.*, No. 1:05-CV-1252, 2007 WL 1576412, at *4 (M.D. Pa. May 30, 2007).

B. Duty to Defend

Under Pennsylvania law, an insurer's duty to defend is broader than its duty to indemnify, as the duty to defend arises whenever the allegations in the underlying complaint taken as true and liberally construed in favor of the insured, state a claim to which the policy potentially applies. *Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 746 (3d Cir. 1999) (citing *Erie Ins. Exch. v. Transamerica Ins. Co.*, 533 A.2d 1363, 1368 (Pa. 1987); *Biborosch v. Transamerica Ins. Co.*, 603 A.2d 1050, 1052 (Pa. Super. Ct. 1992)). "Furthermore, if a single claim in a multiclaim lawsuit is potentially covered, the insurer must defend all claims until there is no possibility that the underlying plaintiff could recover on a covered claim." *Id.* On the other hand, the duty to indemnify arises only if the damages the insured must pay are actually within the policy coverage. *Lucker Mfg. v. Home Ins. Co.*, 23 F.3d 808, 821 (3d Cir. 1994). Thus, there may be a duty to defend without a duty to indemnify. *Frog, Switch & Mfg. Co.*, 193 F.3d at 746. I will now examine the Alea and Atrium's duty to defend the Defendants under each of the policy coverages.

1. Coverage A

Coverage A of each of Alea's and Atrium's policies applies if the "bodily injury" or "wrongful act(s)" are the result of an "occurrence." (Alea Policy 0137 at 8; Atrium Policy

3525 at 19.) "Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Alea Policy 0137 at 19; Atrium Policy 3525 at 8, Doc. 3, Ex. O cont'd.) In the Third Circuit, it is well-settled what qualifies as an "accident" for the purposes of an occurrence-based policy like the one at issue in the instant suit. In *Nationwide Mutual Fire Ins. Co. v. Pipher*, 140 F.3d 222, 226 (3d Cir. 1998), the Third Circuit Court of Appeals held that whether the underlying injury for which the insured seeks defense is an accident "must be determined *from the perspective of the insured* and not from the viewpoint of the person who committed the injurious act." Thus, when the injury or damage is directly attributable to the intentional act of a third party as well as the negligence of the insured, it is an occurrence or accident that will require the insurer to defend its insured. *Id.* at 228. The *Pipher* court held "that the insurer is obligated to defend under such policy . . . when the complaint alleges the insured's negligence." *Id*. Reckless, malicious, or purposeful conspiratorial activities, however, are not "negligent" and cannot be considered "accidents" under the plain language of an occurrence-based insurance policy, like the one at bar. *See Legion Indemnification Co. v. Carestate Ambulance Inc.*, 152 F. Supp.2d 707, 716-718 (E.D. Pa. 2001) (holding that reckless or grossly negligent action and civil conspiracy are not covered "occurrences" in policy that defines "occurrence" as an "accident").

Plaintiffs point to this Court's recent opinion in *Colony Insurance Co. v. Mid-Atlantic Youth Servs. Corp.*, and argue that as in that case the allegations of the underlying complaints articulate non-accidental conduct defeating Defendants' claim under Coverage A. *Colony*, No. 3:09-cv-1773, 2010 U.S. Dist. LEXIS 21432 (M.D. Pa. Mar. 9, 2010). In

9

*Colony*, this Court examined an insurance policy issued to Mid-Atlantic Youth Services ("MAYS"), the entity who operated PACC's facility, and Powell. *Id.* at *2. Similar to the present action, insurer Colony sought declaratory judgment that they had no duty to defend or indemnify MAYS and Powell in the underlying litigation. *Id.* at * 1. The underlying litigation in that case is the same group of consolidated cases at issue in the present case. *Id.* at * 2. And in *Colony* this Court held that after reviewing the factual allegations in the underlying complaint, the "plain and unambiguous language" requiring an occurrence could not provide liability for Colony. *Id.* at *14-*15. In the present case, I also find that Coverage A in the present matter, which requires an "occurrence," does not cover the conduct alleged in the underlying complaint.

While the Defendants correctly point to language in the underlying complaint for merely reckless or negligent conduct, these limited phrases are not sufficient to establish coverage for the Defendants under the Plaintiffs' policies. It is the *factual allegations* in the complaint, not the elements of particular causes of action, that govern whether the policy is applicable to the underlying complaint such that the duty to defend is triggered. *Whole Enchilada, Inc. v. Travelers Property Cas. Co. of America*, 581 F. Supp.2d 677, 694 (W.D. Pa. 2008). A reading of the underlying factual allegations demonstrates that PACC, Powell, and Zappala allegedly knew and conspired violate the juveniles' rights. The underlying complaints contain only factual allegations of intentional, reckless, and wanton conduct, not of negligence or accidents. Because Coverage A requires an "occurrence" not satisfied by the factual allegations of the underlying complaint, Coverage A does not establish a duty to defend by either Plaintiff.

2. Coverage B

Coverage B includes coverage for "'personal injury' caused by an offense arising out of your business." (Alea Policy 0137 at 11.) Plaintiffs first argue that they have no duty to defend based upon the limitation in the policies that they were issued for "Lessors Risk Only." (Br. in Opp'n 22, Doc. 20.) They argue that the only risk insured is that of a landlord. (Br. in Opp'n 22.) Defendants argue that even limiting the coverage to that of a landlord, the alleged conduct of the Defendants would fall under the Plaintiffs' policies. (Br. in Supp. 18-19, Doc. 14.) I agree that even as a landlord, the policies cover the alleged conduct in the underlying litigation. Defendants are alleged to have intentionally participated in the conspiracies, including providing use of their facilities for their own profit. (MIC ¶¶ 86, 88; MCAC ¶ 790.) Furthermore, the language relating to "Lessors Risk Only" is at best ambiguous, as the clearly defined terms of Coverage B include conduct similar to the underlying complaints' allegations. Reading the language of the policies, including reading any ambiguities against the drafting party, I find that coverage B potentially covers the underlying allegations.

Plaintiffs next argue that even if the alleged conduct would be covered in Coverage B, the exceptions to coverage remove any potential for liability. Plaintiffs again point to this Court's prior evaluation of identical factual allegations in *Colony Insurance Co. v. Mid-Atlantic Youth Servs. Corp. Colony*, No. 3:09-cv-1773, 2010 U.S. Dist. LEXIS 21432 (M.D. Pa. Mar. 9, 2010). In that case, this Court found that the underlying factual allegations fell within an exception excluding coverage for knowing violations of another's rights. *Id.* at \*17. Plaintiffs correctly identify that each of the Atrium policies contain a similar exception for knowing violations. (Atrium Policy 3525 at 23.) As stated above, and as in *Colony*, I find that the allegations in the underlying complaint articulate only intentional, knowing, conduct; even

11

reading this exception narrowly, the alleged actions of the Defendants fall within this exception. Therefore, I find that there is no duty to defend the Defendants under the Atrium policies. Because the exceptions found in these policies prevent any possibility of coverage, Defendants' motion to dismiss as to Atrium's claims at Count II will be denied.

Defendants argue that two of Alea's policies, policies 0137 and 1165, are distinguishable from the others and the policies considered in *Colony* because they contain no exception for knowing violations. I agree. While these two policies contain other exceptions not relevant to the present litigation, they contain no general exception for knowing violations of another's rights. (Alea Policy 1037 at 11-12; Alea Policy 1165 at 11-12.) Alea's policy, therefore, potentially covers the Defendants' alleged conduct. If a single claim in a complaint containing multiple claims is potentially covered, the duty to defend attaches until the underlying plaintiff can no longer recover on a covered claim. *Frog, Switch & Mfg. Co.*, 193 F.3d at 746. Alea, therefore, has a duty to defend Defendants in the entire underlying litigation. Because Coverage B of Alea policies 0137 and 1165 could potentially provide coverage to the Defendants for the alleged conduct, Defendants motion to dismiss Alea's claim at Count I will be granted.

B. Duty to Indemnify

1. Alea's Policies

Alea's claim as to the duty to indemnify will be dismissed because this claim is not yet ripe for declaratory judgment. "As a general matter, courts refrain from adjudicating whether an insurer has duty to indemnify the insured until after the insured is found liable for damages in an underlying action." *Evanston Ins. Co. v. Layne Thomas Builders, Inc*. 635 F.Supp.2d 348, 353 (D.Del. 2009) (citing 16 *Couch on Insurance 3d* § 227:38 ("There is considerable authority that [declaratory judgments] must generally await the resolution of the

underlying tort case...."))). In *Step-Saver Data Systems, Inc. v. Wyse Technology*, the Third Circuit Court of Appeals outlined a three step test to determine if a declaratory judgment action is ripe: 1) adversity of the parties; 2) conclusivity; 3) utility. *Step-Saver*, 912 F.2d 643, 647-48 (3d Cir. 1990). Here it cannot be said that the parties are truly adverse because the financial liability of the Defendants, if any, has not yet been determined. Similarly, a declaratory judgment on indemnification would necessarily be intertwined with factual determinations from the underlying litigation, making a conclusive determination impossible at this time. Finally, there is little utility in generating additional litigation attempting to predict all potential outcomes of the underlying litigation, rather than simply waiting for the underlying litigation to be resolved. Therefore, with all three considerations weighing against indemnification being ripe for declaratory judgment, I find that this claim is not yet ripe and should be dismissed. Defendants' motion will be granted as to Count I.

    2. Atrium's Policies

Because the duty to indemnify narrower than the duty to defend, it follows that any time there is no duty to defend, there is no duty to indemnify. *See Lucker Mfg. v. Home Ins. Co.*, 23 F.3d 808, 821 (3d Cir. 1994). As discussed above, Defendants have not shown that Atrium has a duty to defend, therefore, they also fail to establish that Atrium has a duty to indemnify. Therefore, the motion to dismiss the duty to indemnify claim will also be denied.

## II.    Motion to Strike

Defendants move pursuant to Rule 12(f) to strike Plaintiffs allegations with respect the indictments against the judges and allegations as to Judge Kosik's opinion. Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Generally, a motion to strike will be denied, unless it can be shown that no evidence in support of the

allegation would be admissible. *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (3d Cir. 1976); *see also Lyon Fin. Servs. v. Woodlake Imaging, LLC*, No. 04-3334, 2005 U.S. Dist. LEXIS 2011, at *26 (E.D. Pa. Feb. 9, 2005) (stating same). Accordingly, courts should not tamper with the pleadings unless there is a strong reason for so doing. *Id.* Defendants do not argue that no evidence of these allegations would be admissible, only that the material beyond the underlying complaint is irrelevant. While Defendants are correct that for the present motion this Court must rely upon the allegations of underlying complaint, the additional allegations are far from "redundant, immaterial, impertinent, or scandalous." Defendants' motion to strike will be denied.

## CONCLUSION

For the foregoing reasons, Defendants motion will be granted in part and denied in part. Specifically, the motion will be granted as to Count I and Alea's claim for declaratory judgment will be dismissed. The motion will be denied as to Atrium's policies at Count II. Defendants' motion to strike will also be denied. An appropriate order follows.

| | |
|---|---|
| April 14, 2010 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEA LONDON, and ATRIUM UNDERWRITERS LIMITED, | CIVIL ACTION NO. 3:09-CV-2256 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| PA CHILD CARE, LLC, ROBERT POWELL, and GREGORY ZAPPALA, | |
| Defendants, | |

## ORDER

**NOW**, this  14th  day of April, 2010, **IT IS HEREBY ORDERED** that Defendants PA Child Care and Gregory Zappala's Motion for Judgment Pursuant to Rule 12(b)(6) and Motion to Strike (Doc. 13) is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) As to Plaintiff Alea London's claims at Count I, the motion is **GRANTED** and Count I is **DISMISSED**.

(2) As to Plaintiff Atrium Underwriter's claims at Count II, the motion is **DENIED**.

(3) As to Defendants' motion to strike, the motion is **DENIED**.

                                                                     /s/ A. Richard Caputo  
                                                                      A. Richard Caputo  
                                                                       United States District Judge