# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEA LONDON, and ATRIUM UNDERWRITERS LIMITED,<br><br>    Plaintiffs,<br><br>            v.<br><br>PA CHILD CARE, LLC, ROBERT POWELL, and GREGORY ZAPPALA,<br><br>    Defendants. | CIVIL ACTION NO. 3:09-CV-2256<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Plaintiff Alea London moves for reconsideration of the Court's April 14, 2010 Order granting a motion to dismiss. For the reasons explained below, the motion will be granted.

## I. Background

Insurers Alea London and Atrium Underwriters Limited brought this declaratory judgment action against insureds PA Child Care (PACC), Robert Powell, and Gregory Zappala. They sought a declaration that they owe no duty to defend or indemnify the defendants in a separate civil case. The circumstances surrounding this civil case have been discussed at length in this Court's orders elsewhere, and thus will be briefly summarized here.

PACC is a facility that houses detained juveniles. PACC was operated by Powell and Zappala. PACC, Powell, and Zappala were named defendants (among others) in civil actions alleging participation in a conspiracy to give two Luzerne County judges kickbacks for keeping PACC full. The actions have been consolidated and there are two complaints

1

in play: one styled as the "Master Individual Complaint" (MIC) and one titled the Master Class Action Complaint (MCAC). *See Wallace v. Powell*, No. 3:09-cv-286, Docs. 134, 136. The plaintiffs have brought claims under civil RICO and Section 1983, as well as a claim for false imprisonment.

After receiving a demand for coverage, Alea and Atrium reviewed the civil complaints against PACC, Powell, and Zappala and concluded that the actions did not present claims covered under the relevant policies. Thus, they denied coverage and filed this declaratory judgment action. PACC and Zappala moved to dismiss. (Doc. 13.) The Court disposed of the motion in an opinion and order dated April 14, 2010.

As to Alea, the Court held that Alea has the duty to provide a defense under Coverage B of Alea policies 1037 and 1165. Because Alea had the duty to defend the entire underlying civil action, and the claim for declaratory judgment as to the duty to indemnify was not yet ripe (and thus did not present a live "case" or "controversy"), the motion to dismiss Alea's claim for declaratory judgment was granted. (Doc. 24.)

Alea moves for reconsideration. (Doc. 26.) Alea seeks reconsideration of the following issues:

- The Court's holding that the exceptions contained in policies 1037 and 1165—which excluded coverage for personal injury "arising out of the willful violation of a penal statute or ordinance committed by the insured or at the direction of the insured"—did not apply.

- The Court's dismissal of the Alea declaratory judgment action in its entirety, even though it held in its opinion that Alea had no duty to defend or indemnify the defendants under policy 1866.

2

● The Court's conclusion that the Lessor's Risk Only designation in the policies was ambiguous and thus should be construed against Alea.

● The Court's failure to reflect that Alea's duty to defend does not extend to Powell.

Each of these issues will be discussed below.

## II. Discussion

**A. Legal Standard for a Motion for Reconsideration**

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e). A motion for reconsideration is not a procedural device enabling relitigation of issues already decided. Its purpose is to correct manifest errors of law or fact or present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence,* 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

**B. Insurance Contract Interpretation**

The interpretation of an insurance contract is a question of law for the court to decide. *Reliance Ins. Co. v. Moessner*, 121 F.3d 895, 900 (3d Cir. 1997) (citing *Standard Venetian Blind v. Am. Empire Ins. Co.*, 469 A.2d 563, 566 (Pa. 1983)). A court must give effect to the plain language of the insurance contract read in its entirety. *Reliance*, 121 F.3d at 901. When the language of an insurance policy is ambiguous, the provision must be construed in favor of the insured. *Reliance*, 121 F.3d at 900-01 (citing *Standard Venetian Blind Co.*, 469 A.2d at 566). Contract language is ambiguous if it is reasonably susceptible to more than one construction and meaning. *Bowersox v. Progressive Cas. Ins. Co.*, 781 A.2d 1236, 1239 (Pa. Super. 2001) (citing *Hutchinson v. Sunbeam Coal Corp.*, 519 A.2d 385, 390 (Pa. 1985)). However, the language of an insurance policy may not be stretched beyond its plain meaning to create an ambiguity. *Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 106 (Pa. 1999).

The insured has the initial burden of establishing coverage under the policy. *Butterfield v. Giuntoli*, 670 A.2d 646, 651-52 (Pa. Super. 1995). On the other hand, when the insurer relies on a policy exclusion as the basis for denying coverage, it bears the burden of proving that the exclusion applies. *Mistick, Inc. v. Northwestern Nat. Cas. Co.*, 806 A.2d 39, 42 (Pa. Super. 2002). Policy exclusions are strictly construed against the insurer. *Selko v. Home Ins. Co.*, 139 F.3d 146, 152 n. 3 (3d Cir. 1998) (citing *Standard Venetian Blind*, 469 A.2d at 566).

An insurance carrier's duty to defend is distinct from its duty to provide coverage. It is interpreted more broadly than the duty to indemnify. *Britamco Underwriters, Inc. v. Weiner*,

636 A.2d 649, 651 (Pa. Super. 1994). An insurer may have a duty to defend even though it may have no duty to indemnify. *Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 746 (3d Cir. 1999).

An insurer's duty to defend is determined by the allegations in the underlying complaint. *Whole Enchilada, Inc. v. Travelers Property Casualty Co. of America*, 581 F. Supp.2d 677, 694 (W.D. Pa. 2008). To determine whether there is a duty to defend, the Court must compare coverage under the policy with the factual allegations contained in the four corners of the complaint. *Id.* Consequently, whenever a complaint filed against the insured could potentially come within the policy's coverage, the insurer's duty to defend is triggered. *Belser v. Rockwood Cas. Inc. Co.*, 791 A.2d 1216, 1219, 1222 (Pa. Super 2002); *Phico Ins. Co. v. Presbyterian Med. Servs. Corp.*, 663 A.2d 753, 755 (Pa. Super 1995). If a single claim in a complaint containing multiple claims is potentially covered, the duty to defend attaches until the underlying plaintiff can no longer recover on a covered claim. *Frog, Switch & Mfg. Co.*, 193 F.3d at 746.

Because the duty to defend is broader than the duty to indemnify, the complaint must be construed liberally, the factual allegations must be accepted as true, and all doubts as to coverage resolved in favor of the insured. *Roman Mosaic & Tile Co. v. Aetna Cas. & Sur. Co.,* 704 A.2d 665, 669 (Pa. Super. 1997). However, to prevent artful pleading designed to avoid policy exclusions, it is necessary to look at the factual allegations in the complaint, and not how the underlying plaintiff frames the request for relief. *Mut. Benefit Ins. Co. v. Haver, 725 A.2d 743, 745* (Pa. 1999). In other words, while the allegations in the underlying complaint will trigger a duty to defend, it is not the particular cause of action alleged that is

5

determinative of whether there is coverage; instead, it is the factual allegations in the complaint that determine whether there is coverage. *Whole Enchilada*, 581 F. Supp.2d at 694.

## C. Alea's Objections

Alea objects to the Court's holding that the exceptions contained in policies 1037 and 1165 did not apply. The policies exclude personal injury or advertising injury "arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured."

Pennsylvania courts have uniformly held that the phrase "arising out of" requires only "but for" causation, regardless of whether the phrase defines included coverage or policy exclusions. *See Essex Ins. Co. v. RMJC, Inc.*, 306 F. App'x 749, 752 (3d Cir. 2009) (citing *Forum Ins. Co. v. Allied Sec., Inc.*, 866 F.2d 80, 82 (3d Cir. 1989); *Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 557 Pa. 595, 735 A.2d 100, 109–10 (1999)).

The underlying complaints allege that the defendants participated in paying large kickbacks to two Luzerne County judges in exchange for placing detained juveniles in their facility. Assuming these allegations are true, the defendants wilfully violated—at the very least—those penal statutes forbidding the giving or taking of compensation to public officials in an attempt to influence their decisions. *See, e.g.*, 18 Pa. C.S. § 4701 (defining bribery to include offering any benefit as consideration for some exercise of official discretion in a judicial proceeding). Moreover, the claims in the complaint "arise out of" this violation: had the judges not received payments, the complaint alleges that there would not have been the resulting violations of constitutional and statutory rights.

6

Thus, Alea's motion for reconsideration will be granted. Alea has no duty to defend—and thus no duty to indemnify—the defendants under policies No. 1037 and 1165. Because the Court has already held that Alea had no duty to defend under the third policy, the Court erred in dismissing Alea's declaratory judgment action. Thus, the motion for reconsideration will be granted and the Court will vacate its dismissal. Because Alea has no duty to defend, the Court need not consider the Lessor's Risk Only designation. At this point, Alea has not moved for judgment in its favor, so extending any reasoning in this opinion to Powell is not necessary.

### III. Conclusion

For the reasons explained above, the motion for reconsideration will be granted. The Court's April 14, 2010 order dismissing Count I of the complaint will be vacated. The defendants' motion to dismiss will be denied. An appropriate order follows.


March 31, 2011                              /s/ A. Richard Caputo
Date                                        A. Richard Caputo
                                            United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEA LONDON, and ATRIUM UNDERWRITERS LIMITED,<br><br>    Plaintiffs,<br><br>    v.<br><br>PA CHILD CARE, LLC, ROBERT POWELL, and GREGORY ZAPPALA,<br><br>    Defendants. | NO. 3:09-CV-2256<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this 31st day of March, 2011, **IT IS HEREBY ORDERED** that:

(1) Alea London's motion for reconsideration (Doc. 26) is **GRANTED**.

(2) The Court's April 14, 2010 order (Doc. 24) dismissing Alea's claims at Count I is **VACATED IN PART** to the extent that it dismissed Alea's claims.

(3) The defendants' motion to dismiss Alea's claims is **DENIED**.


                                            /s/ A. Richard Caputo
                                            A. Richard Caputo
                                            United States District Judge